UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EPCO HOLDINGS, INC., §<br>§<br>  *Plaintiff*, §<br>§<br>v. §<br>§<br>ENSERCA, LLC AND §<br>ENSERCA ENGINEERING, LLC, §<br>§<br>  *Defendants*, *Third-Party Plaintiffs* §<br>§<br>v. §<br>§<br>MANUEL GALLEGOS *et al.*, §<br>§<br>  *Third-Party Defendants.* § | CIVIL ACTION H-10-0726 |

## ORDER

Pending before the court is third-party defendant Randy Bowman's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). Dkt. 9. Upon consideration of the motion, the response, the reply, and the applicable law, the motion is GRANTED, and the claims against Bowman are DISMISSED without prejudice to refile in a court of appropriate jurisdiction.

### BACKGROUND

Assuming for the purposes of this order only that the facts as related by the third-party plaintiff are true, this third-party claim is based on a failure to report over-billings to the owners and management of Enserca, LLC and Enserca Engineering, LLC (collectively "Enserca"). Dkt. 2 at 3. Enserca essentially administered a deal between two Texas companies, SPX Equipment ("SPX") and EPCO Holdings, Inc. ("EPCO"). Dkt. 21 at 11. Enserca invoiced EPCO for a variety of goods and services for EPCO's Mid-American Pipeline Western Expansion Project. Dkt. 1, Ex. B at 3. EPCO found multiple billing errors by Enserca. *Id.* The alleged overpayment involves a transaction

in which Enserca procured natural gas liquid valves from SPX and resold them to EPCO. Dkt. 21 at 2. EPCO filed a complaint in state court against Enserca for breach of contract, negligent misrepresentation, and fraud on January 19, 2010. Dkt. 1, Ex. B at 3–4. These claims were removed to this court on March 5, 2010. Dkt. 1, Ex. B at 1. Bowman, as Enserca's purchasing manager, signed invoices and wrote emails related to the transaction between SPX and Enserca. Dkt. 21 at 2. Bowman also signed orders for the valves, which were sent to SPX and listed EPCO as Enserca's client. *Id.* Enserca brought a third-party claim in this court against Bowman for breach of the employee duties of loyalty and exercising reasonable skill and care, and a claim for Bowman to indemnify Enserca should he be found liable to EPCO. Dkt. 2 at 5–6. Bowman now moves the court to dismiss the claims against him for lack of personal jurisdiction. Dkt. 9 at 1.

## ANALYSIS

For the reasons below, the court finds that it lacks personal jurisdiction over Bowman and therefore dismisses the claims against him.

**A.     Standard**

"A federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant (1) as allowed under the state's long-arm statute; and (2) to the extent permitted by the Due Process Clause of the Fourteenth Amendment." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "To satisfy the requirements of due process, the plaintiff must demonstrate: (1) that the non-resident purposely availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the state; and (2) that the exercise of

jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Mullins*, 564 F.3d at 398 (internal quotations omitted).

"Jurisdiction may be general or specific." *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 484 (5th Cir. 2008). "Specific jurisdiction exists when the plaintiff's claim against the non-resident defendant arises out of or relates to activities that the defendant purposefully directed at the forum state." *Mullins*, 564 F.3d at 398 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174 (1985); *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000)). "In contrast, general jurisdiction requires the defendant to have maintained 'continuous and systematic' contacts with the forum state." *Mullins*, 564 F.3d at 398 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16, 104 S.Ct. 1868 (1984)).

### 1. *General Jurisdiction*

The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Submersible Sys., Inc. v. Perforadora Cent., S.A.*, 249 F.3d 413, 419 (5th Cir. 2001) (citation omitted). "[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction . . ." *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002) (citations omitted). The Fifth Circuit imposes a high standard when ruling on general jurisdiction issues. *Johnston*, 523 F.3d at 611 (collecting cases illustrating the difficulty of proving general jurisdiction).

### 2. *Specific Jurisdiction*

"[T]he party invoking the jurisdiction of a federal court bears the burden of establishing minimum contacts justifying the court's jurisdiction over a nonresident defendant." *Guidry v. U.S. Tobacco*, 188 F.3d 619, 625 (5th Cir. 1999). However, at this stage the plaintiff need only make a

3

prima facie case to support jurisdiction. *Alpine View*, 205 F.3d at 215. Therefore, to survive this motion to dismiss, Enserca must make a prima facie showing that its claim "arises out of or relates to activities that [Bowman] purposefully directed at the forum state." *Mullins*, 564 F.3d at 398.

"To establish minimum contacts, the defendant must have purposefully availed [himself] of the privilege of conducting activities inside Texas and enjoyed the benefits and protections of Texas law." *Rushmore Inv. Advisors, Inc. v. Frey*, 231 S.W.3d 524, 527–28 (5th Cir. 2007). The Texas Supreme Court implemented a three-pronged test to determine when a defendant purposefully avails himself. *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005). First, purposeful availment ensures that only the defendant's contacts with the forum count, as unilateral activity of another party or a third person will not suffice. *Id*. "Second, the acts relied on must be 'purposeful.'" *Id*. In other words, "[a] defendant will not be haled into a jurisdiction solely based on contacts that are 'random, isolated, or fortuitous.'" *Id*. "Third, a defendant must seek some benefit, advantage, or profit by 'availing' itself of the jurisdiction." *Id*. "[A] nonresident may purposefully avoid a particular jurisdiction by structuring its transactions so as neither to profit from the forum's laws nor be subject to its jurisdiction." *Id*.

**B.     As Applied**

The court finds that Enserca has failed to meet its burden to show that this court has jurisdiction over Bowman. All of the contacts with Texas in this case exist because Bowman was an employee of Enserca, the defendant-company that allegedly erred in billing EPCO for goods and services. Dkt. 9 at 7–8. First, Bowman's limited contacts with Texas fall far short of establishing general jurisdiction. He has resided and worked continuously in Colorado since February 1996. Dkt. 9 at 1. With the possible exception of changing planes, since 1979 Bowman has physically entered Texas only once because Enserca directed Bowman to travel to Texas to review the progress

4

of the manufacturer of materials sold by Enserca to EPCO. *Id*. at 3–4.  Since 1979, Bowman's only other contacts with Texas consisted of occasional telephone calls and emails with EPCO.  *Id*.  Enserca, however, argues that this court has personal jurisdiction over Bowman based on specific jurisdiction.  Dkt. 21 at 11.  Enserca argues that specific jurisdiction over Bowman exists because Bowman, as Enserca's purchasing manager, was intimately involved in transactions related to EPCO's cause of action.  Dkt 21 at 10.  In essence, Enserca alleges that Bowman's activities were purposefully directed to the forum state because he signed documents related to the transaction. *Id*. at 11.  Enserca also argues that there is a substantial connection between Bowman's forum contacts and the operative facts of the litigation because the communications were related to the overpayment.  *Id*. at 12.

Employees' contacts with a jurisdiction are not to be judged according to their employer's activities there, as "[e]ach defendant's contacts must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984).  Here, Bowman did not purposefully avail himself of the benefits and protections of Texas because he fails the Texas Supreme Court's three-pronged test from *Michiana*.  Specifically, Bowman did not seek personal benefit because his contacts with Texas were made only in the context of his employment with Enserca. *Michiana*, 168 S.W.3d at 785.  His communications with SPX, as evidenced by emails, were solely for the reason of ordering materials, and he gained no advantage for contacting a company or even multiple companies in Texas.  Therefore, Bowman did not purposefully avail himself of the benefits and protections of Texas.

Further, Bowman asserts that the forum contacts relied upon by Enserca all relate to Bowman's dealings with SPX, and thus there is no substantial connection between Bowman's contacts with Texas and the operative facts of the litigation — the dispute between EPCO and Enserca.  Dkt. 22 at 3.  "The minimum contacts analysis for specific jurisdiction focuses on the

5

relationship among the defendant, the forum, and the litigation." *Rushmore*, 231 S.W.3d at 528. The Texas Supreme Court has stated, "for a nonresident defendant's forum contacts to support an exercise of specific jurisdiction, there must be a substantial connection between those contacts and the operative facts of the litigation." *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 585 (Tex. 2007). In *Rushmore*, the defendant had made a few trips to Texas and regularly directed phone calls and emails at Texas residents, but the court held that these, among other contacts with Texas, were not sufficiently related to the litigation. *Rushmore*, 231 S.W.3d at 529–30. Likewise, Bowman did not have a sufficient nexus between his individual capacity, the forum, and this litigation. The simple fact that Bowman signed invoices and wrote emails related to the transaction between Enserca and SPX does not subject him to personal jurisdiction in Texas. The only evidence of Bowman's involvement with EPCO includes the orders of the valves from SPX that Bowman signed, which listed EPCO as Enserca's client. Dkt. 21, Ex. 1, 4. The invoices and emails do not establish a substantial connection between Bowman's forum contacts with SPX and the operative facts of the litigation, which include the alleged overbilling of EPCO. Dkt. 22 at 3.

Even if there were sufficient minimum contacts such that Bowman purposefully availed himself of the benefits and protections of Texas, the court would still lack personal jurisdiction over Bowman for making occasional phone calls and writing occasional emails to Texas in the course and scope of his employment. "[I]t would offend traditional notions of fair play and substantial justice to force employees who have occasion to do business by telephone or mail with any number of given States, to require that they defend lawsuits in those States in their individual capacity based on acts performed not for their own benefit, but for the benefit of their employer." *Satkides v. Cooper*, 742 F. Supp. 382, 387 (W.D. Tex. 1990). Here, as a purchasing manager, Bowman was in the position to make a number of calls and emails to various states, and from a public policy perspective, as the

6

*Satkides* court made clear, it would be unfair to subject that type of employee, who has not performed acts to advance his own interests, in all of these states.

Therefore, the court finds that the defendants lack sufficient contacts with Texas to establish either specific or general jurisdiction. Accordingly, this court lacks personal jurisdiction over Bowman, and the claims against him must be dismissed.

## CONCLUSION

Pending before the court is third party defendant Bowman's motion to dismiss. Dkt. 9. Based on the lack of minimum contacts with Texas required to establish personal jurisdiction, the motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) is GRANTED. All claims against Bowman are DISMISSED without prejudice to refile in a court of appropriate jurisdiction.

It is so ORDERED.

Signed at Houston, Texas on June 16, 2010.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY