UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EPCO HOLDINGS, INC., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | |
| ENSERCA, LLC AND § | |
| ENSERCA ENGINEERING, LLC, § | |
| § | CIVIL ACTION H-10-0726 |
| *Defendants, Third-Party Plaintiffs* § | |
| § | |
| v. § | |
| § | |
| MANUEL GALLEGOS *et. al.*, § | |
| § | |
| *Third-Party Defendants.* § | |

## ORDER

Pending before the court is third-party defendant Brenda Gregg's motion to dismiss for lack of personal jurisdiction. Dkt. 17. Upon consideration of the motion, the response, the reply, and the applicable law, the motion is GRANTED. The third-party complaint against Gregg is DISMISSED without prejudice to refile in a court of appropriate jurisdiction.

## BACKGROUND

Assuming for the purposes of this order only that the facts as related by the third-party plaintiff are true, this case concerns the breach of a contract between the original defendant EPCO Holdings, Inc. and the defendants/third-party plaintiffs Enserca, LLC, and Enserca Engineering, LLC (collectively "Enserca"). Dkt. 1, Ex. B. EPCO is a Texas company with its principal place of business in Texas. Dkt. 1 at 1. Enserca is incorporated in Colorado and has its principal place of business in Colorado. Dkt. 1 at 1. The contract between the parties was for the purchase of natural gas liquid valves. Dkt. 1, Ex. B at 2. Enserca overcharged EPCO by $283,000.00 for office

expenses, sales tax, and other items. Dkt. 1, Ex. B at 3. Enserca then overpaid SPX—a Texas company and the manufacturer of the valves—based on the excess payments from EPCO. Dkt. 21 at 2. EPCO subsequently filed suit against Enserca for breach of contract, negligent misrepresentation, and fraud. Dkt. 1, Ex. B at 3–4.

Brenda Gregg, an Enserca accountant and Colorado citizen, agreed with SPX to apply a credit in the amount of the overpayment to a later invoice in order to balance the SPX account. Dkt. 21, Ex. A at 73–93. Gregg acted with the approval of her immediate superiors but did not have the approval of those higher up in Enserca. Dkt. 21. She sent a series of emails to SPX discussing the proposed credit. Dkt. 21, Ex. A at 73–93. Gregg does not dispute these facts. Enserca calls the credit arrangement an "off book" transaction. Dkt. 21. Enserca brought a third-party complaint against Gregg claiming a breach of the employee duty of loyalty, a breach of the employee duty to exercise reasonable skill and care, and indemnification against Gregg, should Enserca be found liable to EPCO. Dkt. 2.

## ANALYSIS

For the reasons below, the court finds that it lacks personal jurisdiction over Gregg and dismisses the claims against Gregg.

**A.     Standard**

"A federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant (1) as allowed under the state's long-arm statute; and (2) to the extent permitted by the Due Process Clause of the Fourteenth Amendment." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "To satisfy the requirements of due process, the plaintiff

must demonstrate: (1) that the non-resident purposely availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the state; and (2) that the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Mullins*, 564 F.3d at 398 (internal quotations omitted).

"Jurisdiction may be general or specific." *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 484 (5th Cir. 2008). "Specific jurisdiction exists when the plaintiff's claim against the non-resident defendant arises out of or relates to activities that the defendant purposefully directed at the forum state." *Mullins*, 564 F.3d at 398 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174 (1985); *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000)). "In contrast, general jurisdiction requires the defendant to have maintained 'continuous and systematic' contacts with the forum state." *Mullins*, 564 F.3d at 398 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16, 104 S. Ct. 1868 (1984)).

1. *General Jurisdiction*

The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Submersible Sys., Inc. v. Perforadora Cent., S.A.*, 249 F.3d 413, 419 (5th Cir. 2001) (citation omitted). "[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction . . . ." *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002) (citations omitted). The Fifth Circuit imposes a high standard when ruling on general jurisdiction issues. *Johnston*, 523 F.3d at 611 (collecting cases illustrating the difficulty of proving general jurisdiction).

2. *Specific Jurisdiction*

"[T]he party invoking the jurisdiction of a federal court bears the burden of establishing

3

minimum contacts justifying the court's jurisdiction over a nonresident defendant." *Guidry v. U.S. Tobacco*, 188 F.3d 619, 625 (5th Cir. 1999). However, at this stage the plaintiff need only make a prima facie case to support jurisdiction. *Alpine View*, 205 F.3d at 215. Therefore, to survive this motion to dismiss, Enserca must make a prima facie showing that its claim "arises out of or relates to activities that [Gregg] purposefully directed at the forum state." *Mullins*, 564 F.3d at 398.

The Texas Supreme Court has articulated a three-part test to determine if a defendant has purposefully directed activities at Texas. *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 784-85 (Tex. 2005). First, third party contacts with the forum do not count—only the defendant's contacts are relevant. *Michiana*, 168 S.W.3d at 785. Second, the relevant actions must be deliberate rather than coincidental. *Id*. Third, in availing itself of the jurisdiction, the defendant must stand to gain a "benefit, advantage, or profit." *Id.*

**B.      Application**

Gregg was a Texas resident from 1999 to 2001 but is now a Colorado resident who has worked in Colorado continuously since 2001. Dkt. 17, Ex. A. Gregg argues that all of her contacts with Texas were by email or phone as an Enserca employee. *Id.* Enserca does not argue that Gregg's limited contacts with Texas give rise to general jurisdiction. It does, however, argue that this court has personal jurisdiction over Gregg based on specific jurisdiction. Dkt. 2. Enserca agues that Gregg personally carried out the actions for which it may be held liable by EPCO. Dkt. 21. Enserca claims that Gregg owed it an employee duty of loyalty and an employee duty to exercise reasonable skill and care, and that Gregg carried out a wrongful "off book" transaction in violation of those duties resulting in Enserca's liability (if any) to EPCO. *Id.* Enserca argues that Gregg's actions, being outside the scope of her employment, subject her to specific personal jurisdiction in Texas. *Id.*

4

Enserca has failed to meet its burden to show specific jurisdiction even under the generous prima facie standard. The third prong of the *Michiana* purposeful availment test requires that defendant's actions be for personal benefit. *Michiana*, 168 S.W.3d at 785. The only entity standing to gain from an account balancing was Enserca itself. Enserca has failed to produce any evidence to show that Gregg derived any personal benefit (pecuniary or otherwise) from her actions. Additionally, the defendant's contacts with the forum must have a "substantial connection" to the litigation. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 585 (Tex. 2007). Every contact Gregg had with Texas came about while dealing with the overpayment to SPX. Dkt. 21. At best, the evidence shows that Gregg was aware of the overpayment by EPCO and would address it at a future date. *Id.* None of Gregg's contacts with Texas relates to EPCO's injury. *Id.* Because of the lack of purposeful availment and lack of substantial connection between Gregg's contacts with Texas and the litigation, the court finds that Gregg lacks sufficient contacts with Texas to establish specific jurisdiction.

Moreover, even if Enserca was able to show that Gregg has the requisite minimum contacts with Texas, asserting personal jurisdiction over her would not conform to "traditional notions of fair play and substantial justice." *Mullins*, 564 F.3d at 398 (internal quotations omitted). The third party complaint involves a Colorado company seeking indemnification from a Colorado employee based on duties imposed by Colorado law. Dkt. 2. Colorado has the only interest in such a case, and to hear it in a Texas court would be "unreasonable and unfair." *Bumgarner v. Carlisle Medical, Inc.*, 809 F. Supp. 461, 465–66 (S.D. Miss. 1993). Additionally, in her capacity at Enserca, Gregg would have occasion to do business by phone, mail, or e-mail with many States. It would be unfair to force her to defend suit in those States for "acts performed not for [her] own benefit, but for the benefit of [her] employer." *Saktides v. Cooper*, 742 F. Supp. 382, 387 (W.D. Tex. 1990). Accordingly, this

5

court lacks personal jurisdiction over Gregg and the third-party complaint against Gregg must be dismissed.

## CONCLUSION

Pending before the court is third-party defendant Brenda Gregg's motion to dismiss for lack of personal jurisdiction. Dkt. 17. Based on the lack of minimum contacts with Texas required to establish personal jurisdiction, Gregg's motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) is GRANTED. The third-party complaint against Gregg is DISMISSED without prejudice to refile in a court of appropriate jurisdiction.

It is so ORDERED.

Signed at Houston, Texas on June 16, 2010.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY